IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01631-PAB-KLM

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

BMW OF NORTH AMERICA, L.L.C., and
BAYERISCHE MOTOREN WERKE AG, a foreign corporation,

    Defendants.

## ORDER

This matter is before the Court on the Unopposed Motion to Consolidate Cases [Docket No. 40] filed by plaintiff Cellport Systems, Inc.  Plaintiff represents that defendants BMW of North America, LLC and Bayerische Motoren Werke AG (collectively, "BMW") do not oppose the motion.  Docket No. 40 at 1, 5.  Plaintiff seeks an order consolidating for all pretrial matters this case with a related case, *Cellport Systems, Inc. v. Toyota Motor Sales, U.S.A., Inc.* (*Cellport II*), No. 14-cv-01632-REB, pending in this district before Judge Robert E. Blackburn.  Docket No. 40 at 1.  Plaintiff also seeks an order directing the parties to submit a joint scheduling order.  *Id.*  Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation (collectively, "Toyota"), defendants in *Cellport II*, indicate that they do not oppose consolidation.  *Cellport II*, Docket No. 32 at 3.  After review of the pleadings in each of these cases, the Court concludes that consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

On June 10, 2014, plaintiff filed the complaint in this action. Docket No. 1. Plaintiff alleges that BMW manufactures and sells communications products used in automobiles that infringe United States Patent No. 5,479,479 and United States Patent No. 5,732,074 (collectively, the "patents"). *Id.* at 2-3, ¶¶ 5, 9; *id.* at 6, 12. On June 10, 2014, plaintiff filed the complaint in *Cellport II*. *Cellport II*, Docket No. 1. Plaintiff alleges that Toyota manufactures and sells communications products used in automobiles that infringe the patents. *Id.* at 6, 11.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. *Wright & A. Miller, Federal Practice & Procedure* § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Both cases involve the same patents and seek to answer the same question: whether the patents have been infringed. Plaintiff asserts that common questions of law likely to arise include the validity of the patents, claim construction, and whether the patents were properly issued. Docket No. 40 at 3. Plaintiff asserts that common questions of fact likely to arise include the level of skill of one of ordinary skill in the prior art, the inventors' acts in relation to technology underlying the patent, and license terms. *Id.* Plaintiff also asserts that standing and equitable issues may be common among the two cases. *Id.* After reviewing the pleadings in both cases, the Court finds no reason to conclude otherwise. The Court additionally finds that judicial economy favors consolidation. No party opposes consolidation and the present case is the lowest numbered case. Therefore, because the cases involve common questions of law and fact, the Court finds it appropriate to consolidate the present case and *Cellport II*.

Plaintiff requests that the cases be consolidated for all pretrial matters up to, but not including, the pretrial conference, a request which defendants do not oppose. Docket No. 40 at 2. Plaintiff states that defendants have a right to individual patent infringement trials under the Leahy-Smith America Invents Act, 35 U.S.C. § 299. Docket No. 40 at 2. Accused infringers may have their actions consolidated for trial only when certain conditions are satisfied. *See* § 299.[1] However, plaintiff and

---

[1]Accused infringers may be joined or their actions consolidated for trial only if

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same

defendants do not contend that § 299 is satisfied and the Court need not and does not reach the issue in resolving the present motion. Courts have held that § 299 does not prevent the consolidation of cases against accused infringers for pretrial matters. *See, e.g.*, *In re: Bear Creek Techs, Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1378 (J.P.M.L. 2012) ("We find that the America Invents Act does not alter our authority to order pretrial centralization of this litigation."); *C.R. Bard, Inc. v. Medical Components, Inc.*, 2012 WL 3060105, at *1 (D. Utah July 25, 2012) (noting that § 299 "does not affect the authority of a court to order pre-trial consolidation of related patent cases"). Because the pretrial consolidation plaintiff requests is not prohibited by § 299, *Cellport Systems, Inc. v. BMW of North America, LLC*, No. 14-cv-01631-PAB-KLM, and *Cellport Systems, Inc. v. Toyota Motor Sales, U.S.A., Inc.* (*Cellport II*), No. 14-cv-01632-REB, shall be consolidated for all pretrial matters up to, but not including, the final pretrial conference.

Having determined that consolidation is appropriate, the parties shall comply with the magistrate judge's order [Docket No. 43] regarding the submission of an Amended Proposed Joint Scheduling Order.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Unopposed Motion to Consolidate Cases [Docket No. 40] is **GRANTED** in part as indicated in this order. It is further

---

accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299.

**ORDERED** that the parties are directed to comply with the magistrate judge's order [Docket No. 43] regarding the submission of an Amended Proposed Joint Scheduling Order. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 14-cv-01631-PAB-KLM and 14-cv-01632-REB shall be consolidated for all pretrial matters up to, but not including, the final pretrial conference. It is further

**ORDERED** that, as of the date of this Order, all future pleadings and other filings shall be filed in this case only and shall be captioned as shown below:

Civil Action No. 14-cv-01631-PAB-KLM
     (Consolidated with Civil Action No. 14-cv-01632-PAB-KLM)

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

BMW OF NORTH AMERICA, L.L.C. and
BAYERISCHE MOTOREN WERKE AG, a foreign corporation,

    Defendants.

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC. and
TOYOTA MOTOR CORPORATION, a Japanese Corporation,

    Defendants.

DATED December 9, 2014.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge